UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MIGUEL RODRIGUEZ-ANGLERO, et al.,

    Plaintiffs,

v.

GEICO CASUALTY INSURANCE COMPANY, et al.,

    Defendants.

Civil No. 3:15-CV-02561 (JAF)

**OPINION AND ORDER**

On October 18, 2015, plaintiffs Miguel Rodríguez-Angleró and Damaris Angleró-Del-Toro commenced this diversity action against defendants Torrence Ray and his alleged insurers, GEICO Casualty Insurance Company ("GEICO Casualty") and Government Employees Insurance Company ("GEICO"), by filing a complaint alleging a violation of Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, stemming from a July 2015 car accident in San Juan, Puerto Rico, between Ray and Rodríguez-Angleró. (ECF No. 1.) In December 2015, the United States Marshals Service served process on GEICO Casualty and GEICO in the State of Georgia by means of certified mail.[1] (ECF Nos. 7, 8.) On December 29, 2015, GEICO Casualty and GEICO jointly moved the court to dismiss the action for insufficient service of process and also failure to state a claim on which relief can be granted. (ECF No. 9.) Plaintiffs have responded in opposition to the motion. (ECF No. 10.)

---

[1] Although the United States Marshals Service was also ordered to serve process on co-defendant Ray in the Commonwealth of Pennsylvania, a return of service has not yet been filed for him.

"In the federal courts, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure." *Vázquez-Robles* v. *CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014) (citing *United Elec., Radio & Mach. Workers of Am.* v. *163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992)). "Rule 4(h), which deals with service of process on corporations, contemplates service either in a manner consistent with the law of the forum state, or on an 'agent authorized by appointment or by law to receive service of process.'" *Id*. at 5 (citing Fed. R. Civ. P. 4(h)(1)(A); then quoting Fed. R. Civ. P. 4(h)(1)(B)). In this case, Puerto Rico law controls the sufficiency of service under the law of the forum state, while federal law controls the sufficiency of service on an agent of the corporation. *Id*. (citing 4A Charles A. Wright et al., Federal Practice and Procedure § 1103 (3rd ed.)). "When a defendant seasonably challenges the adequacy of service, the plaintiff has the burden of showing that service was proper." *Id*. at 4 (citing *Rivera-López* v. *Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992)). Here, service was not made on an agent of the corporate co-defendants, but on the corporations themselves at a business address in Macon, Georgia. (ECF Nos. 7-1, 8-1.) Thus, Puerto Rico law controls the inquiry of whether certified mail was a proper method of service. *See Vázquez-Robles*, 757 F.3d at 5.

"Puerto Rico offers a finite number of options for effecting service on a corporation." *Id*. (citing 14 L.P.R.A. § 3781); see also 14 L.P.R.A. §§ 3811, 3812, 3813; P.R. R. Civ. P. 4.4(e), 4.7. GEICO Casualty and GEICO appear to be foreign corporations without an authorized agent in Puerto Rico to receive service of process. Under Puerto Rico law, "when service of process is made on a foreign nondomiciled corporation, under the minimum contacts doctrine, Civil Procedure Rule 4.7 provides that it be carried out following the service by publication standards of Civil Procedure Rule 4.5." *Peguero* v. *Pellot*, 139 D.P.R.

487 (1995). Plaintiffs do not attempt to justify certified mail as a sufficient alternate method of service under Puerto Rico law. (See ECF No. 10.) Thus, the court finds that plaintiffs have conceded insufficient service. Instead, plaintiffs argue that the corporate co-defendants waived the defense of insufficient service when, in the very motion in which they raised that defense, they also raised a Rule 12(b)(6) defense. But, joining those defenses in a single motion was not only appropriate, but required, under Rule 12(g) and thus did not constitute a waiver under Rule 12(h).[2] *See Chute* v. *Walker*, 281 F.3d 314, 319-20 (1st Cir. 2002).

The court finds that GEICO Casualty and GEICO did not waive the defense of insufficient service of process under Rule 12(b)(5). Moreover, plaintiffs have not shown that the service was proper. The court nonetheless finds that plaintiffs cannot be held liable for the failure of the United States Marshals Service to fulfill its obligations under Rule 4(c)(3). *See Laurence* v. *Wall*, 551 F.3d 92, 94 (1st Cir. 2008). As a result, the time from the granting of plaintiffs' motion to appoint a process server on November 11, 2015, to the issuance of this order and opinion will not count toward the 120 days that plaintiffs have, under Rule 4(m), to serve process on defendants.

In reviewing GEICO's motion to dismiss under Rule 12(b)(6), "[w]e must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the non-moving party." *Davis* v. *Coakley*, 802 F.3d 128, 132 (1st Cir. 2015). In the complaint, plaintiffs allege that co-defendant Ray, at the time of the underlying accident, was an "authorized policyholder of GEICO" and that, as a result, GEICO was Ray's insurer and "is responsible for [his] acts or omissions of negligence." (ECF No. 1 ¶¶ 8, 11.) In the motion

---

[2] The court observes that, by failing to raise any other defense listed in Rule 12(b)(2)-(5) in their motion to dismiss, GEICO Casualty and GEICO appear to have waived those other defenses. *See* Fed. R. Civ. P. 12(g)(2), 12(h)(1).

to dismiss, GEICO simply alleges that "it did not issue any policy of insurance to Torrence Ray, or anyone else for that matter, that may afford coverage for the claims asserted by plaintiffs and, therefore, the complaint does not state a claim upon which relief can be granted." (ECF No. 9 ¶ 5.) GEICO's contrary allegation does not warrant dismissal of the complaint because, at this stage, we must accept as true plaintiffs' well-pleaded factual allegations. *See Davis*, 802 F.3d at 132. Accordingly, GEICO's Rule 12(b)(6) motion is unavailing.

In sum, the court **GRANTS** in part and **DENIES** in part the motion to dismiss. (ECF No. 9.) The court **GRANTS** the Rule 12(b)(5) motion, but it also **GRANTS** plaintiffs' request that new summonses be issued. (See ECF No. 10 ¶ 3.) This time around, plaintiffs may either seek a waiver of service from defendants under Federal Rule of Civil Procedure 4(d) or proceed directly to an effectuation of service under Puerto Rico Civil Procedure Rule 4.7. The court **DENIES** the Rule 12(b)(6) motion.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of January, 2016.

                                                   S/José Antonio Fusté
                                                   JOSE ANTONIO FUSTE
                                                   U. S. DISTRICT JUDGE